


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. MACHOWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NUMBER: |
| | ) | CV-2017- |
| | ) | JURY DEMAND |
| | ) | |
| BBVA COMPASS, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

## I. **JURISDICTION**

1. The jurisdiction of the Court is invoked pursuant to the Acts of Congress known as 28 U.S.C. §§1331, 1343(3), 2201 and 2202, Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et. seq.*

2. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights providing for injunctive and other relief against sex discrimination.

3. The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of

1964, as amended by the Civil Rights Act of 1991. Plaintiff timely filed his charge of discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff has timely filed his suit within ninety (90) days of the termination of the EEOC investigation of this charge, i.e., right-to-sue letter.

## II. PARTIES

4. Plaintiff, Michael A. Machowicz, is a male citizen of the United States. The plaintiff was employed by the defendant prior to his discharge on May 26, 2016.

5. Defendant, BBVA Compass ("BBVA"), is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991. The defendant is doing business in the State of Alabama.

## III. CAUSES OF ACTION - SEX DISCRIMINATION IN DISCIPLINE AND TERMINATION

6. The plaintiff re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out hereinbelow.

7. The plaintiff was employed by BBVA until his termination on May 26, 2016. The plaintiff was treated different in evaluations, disciplines and ultimately in termination because of his sex, male, by his supervisor, Rebecca Stowe, female.

8. The plaintiff was hired in November 2009 as a Business Intelligence

Manager in Birmingham, Alabama in the Bank's IT Department. On or about July 1, 2013, the plaintiff was hired as the Director of Data Warehouse. In late 2013, the department underwent a reorganization and the plaintiff began reporting directly to Rebecca Stowe, female, Director Project Partner & Data Management.

9. As Director of Enterprise Data Warehouse, the plaintiff was generally responsible for the design development, transformation, consistency of data and maintenance of the enterprise data warehouse and associated data marts. The plaintiff was also responsible for supervising a team of approximately four employees, all whom had their own direct reports.

10. The plaintiff performed all his duties and responsibilities associated with this position in a satisfactory manner.

11. When Stowe became the plaintiff's supervisor, the department had 4 men and 1 woman. At the time right before the plaintiff's termination, under Stowe, the department had 4 women and 1 man (the plaintiff was the only male left in the department).

12. Stowe had a verbal discussion with the plaintiff in November 2015. However, it was not a disciplinary meeting, but a meeting where they discussed Plaintiff's job duties. The plaintiff never received a copy of any alleged verbal counseling dated November 4, 2015, which was associated with this meeting.

13. In April 2016, Stowe gave the plaintiff his performance review and noted deficiencies, which were not accurate. The plaintiff refuted Ms. Stowe's comments regarding his performance and her expectations.

14. On May 3, 2016, the plaintiff had an one-on-one meeting scheduled with Stowe, but when he arrived, an HR representative was present. The plaintiff was written up for performance and given 30 days to improve.

15. On May 26, 2016, prior to the end of his 30 day improvement plan, the plaintiff was notified that he was being terminated.

16. Female employees under Stowe's supervision committed the same infractions that the plaintiff was accused of committing. These females include Gina Lamon, Paula Frutter, Brandy Sheets, Val Atchison and Stephanie Eaker. However, to the best of the plaintiff's knowledge, these females were not disciplined for these infractions and were not terminated by Stowe in the same manner that the plaintiff was terminated.

17. In addition, Stowe would make untrue derogatory comments about male employees during meetings, such as, "males did not volunteer as much as females," which was not true.

18. Specifically during said meeting, Ms. Stowe asked for volunteers for various activities within her department. After a few minutes of writing volunteer

names on the board, Ms. Stowe commented "Here we go again, only females volunteering and never the males." This was not a factual statement seeing that Billy Lackey and Mario Caldera had already volunteered for activities.

19. Additionally, at one point during his employment, the plaintiff raised to Ms. Stowe his concern that he was being referred to as the "Token Male" of her department and was not comfortable with that. Ms. Stowe's only response was "we are just people" with no follow-up or discussion regarding his concern.

20. The plaintiff was treated differently because of his sex by the Defendant in terms of evaluations, disciplines and termination in violation of Title VII of the Civil Rights Act of 1964, as amended, 1991.

21. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein in this suit for compensatory damages, punitive damages, and/or nominal damages, as well as back-pay (plus interest) and injunctive and declaratory judgment is his only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices set forth herein unless enjoined by the Court.

## IV. PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

- Grant plaintiff a declaratory judgment holding that the actions of the defendant described hereinabove violated and continue to violate the right of the plaintiff as guaranteed by Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991.

- Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991.

- Grant plaintiff an order requiring the defendant to make him whole by awarding him the position(s) he would have occupied in the absence of sex discrimination, by awarding him back-pay, (plus interest), reinstatement and/or front-pay, compensatory and punitive damages as well as lost seniority, lost pension and fringe benefit credits, costs, attorney's fees and expenses.

- The plaintiff demands a trial by struck jury on all applicable claims.

Respectfully submitted,

Kevin W. Jent
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0543

**DEFENDANT'S ADDRESS**
**TO BE SERVED BY CERTIFIED MAIL**

BBVA Compass
2 North 20th Street, Suite 200
Birmingham, Alabama 35203